UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAN S.A. HOLCOMB,

                Petitioner,

    v.

GRAYS HARBOR COUNTY,

                Respondent.

No. C12-5400 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: June 29, 2012**

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. On May 7, 2012, the Clerk of the United States District Court for the Western District of Washington received the following pleadings in a case entitled *Grays Harbor County vs. Daniel S.A. Holcomb*: (1) Personal Restraint Petition Cause No. 11-1-402-0, and (2) Rule 59 New Trial, Reconsideration and Amendments of Judgments, addressed to the "Federal Court Clerk of the State of Washington" and the "Superior Court of Grays Harbor County", respectively. The manner in which Petitioner captioned his pleadings indicated to the Court that he had intended to file a motion for new trial in the Grays Harbor Superior Court and a personal restraint petition with the Washington Court of Appeals.

In a letter dated May 10, 2012, the undersigned advised Petitioner that prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies. ECF No. 2. In response, Petitioner asked that this Court pursue his claim. ECF No. 3. He then filed a motion for leave to proceed *in forma pauperis* with a proposed writ of habeas corpus (ECF No. 4), a motion for relief from judgment Rule 7.8 (ECF No. 8), a "Formal Complaint of

REPORT AND RECOMMENDATION - 1

Misrepresentation" (ECF No. 9), "Motion to Deny Acts by State of Washington" (ECF No. 10), and Second "Motion for Relief of Judgment Rule 7.8". In his proposed petition for writ of habeas corpus, Petitioner states that he seeks federal habeas relief for an April 4, 2012 conviction. *See*, ECF No. 4-1, at 1.

## DISCUSSION

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (citing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Id*.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the

REPORT AND RECOMMENDATION - 2

"opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay*, 403 F.3d at 668; *Baldwin*, 541 U.S. at 33.

In his proposed petition for writ of habeas corpus under 28 U.S.C. § 2254, Mr. Holcomb indicates that he was convicted on April 4, 2012 of attempted 2nd degree assault. ECF No. 4-1, at 1. He does not state that he appealed this conviction. Mr. Holcomb argues that a number of his constitutional rights were violated during his trial but he does not indicate that these alleged grounds for relief have been properly exhausted in state court. Specifically, he does not state anywhere in his petition that he has presented his claims for relief to the Washington Court of Appeals and the Washington State Supreme Court. In addition, because the conviction is so recent, it is obvious that he has not completed any state appellate process.

Mr. Holcomb's first avenue for relief is in the state courts. He has been advised that he must first present his claims for habeas relief in the Washington state appellate courts.

## CONCLUSION

Because Petitioner has not exhausted his state remedies, his federal petition must be dismissed. His application to proceed *in forma pauperis* (ECF No. 1) and all other pending motions should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 3

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 29, 2012**, as noted in the caption.

    **DATED** this  8th  day of June, 2012.

    Karen L. Strombom
    United States Magistrate Judge

REPORT AND RECOMMENDATION - 4